L. Paul Mankin (SBN 264038)
Law Office of Paul Mankin, APC
4655 Cass St., Ste. 410
San Diego, CA 92109
Phone: (800)-219-3577
Facsimile: (323) 207-3885
pmankin@paulmankin.com
ndahl@paulmankin.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHALANETTE ANDREWS,<br><br>             Plaintiff,<br><br>     vs.<br><br>LENDMART, LLC, and DOES 1 through 10, inclusive,<br><br>             Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>1. Violation of the Rosenthal Fair Debt Collection Practices Act;<br>2. Violation of the Telephone Consumer Protection Act. |

**INTRODUCTION**

1.     This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code §1788, *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.  Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

## PARTIES

2. Plaintiff Anthalanette Andrews ("Plaintiff"), is a natural person who at all times herein mentioned was a resident of the City of Inglewood, County of Los Angeles, and State of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

3. At all relevant times herein, Defendant, LendMart, LLC (hereinafter "Defendant") was a company engaged, by use of mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt" as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c).

## JURISDICTION

4. This Court has jurisdiction under 47 U.S.C. and 28 U.S.C. § 1331, since the claims alleged against the Defendants arose under the TCPA. This court has supplemental jurisdiction over Plaintiff's state law claims contained herein.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) & (b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

6. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding alleged debt.

7. Plaintiff and Defendant entered into a personal loan agreement whereby Plaintiff was to make monthly payments to Defendant to repay the loan.

8. This alleged financial obligation was the result of a "consumer credit transaction", as defined by Cal. Civ. Code §1788.2(e), and is therefore a "consumer debt", as defined by Cal. Civ. Code §1788.2(f).

9. Thereafter, Defendant began calling, texting, and emailing Plaintiff multiple times a day in an attempt to collect the money allegedly owed by Plaintiff to Defendant.

10. On information and belief, Defendant attempted and continues to attempt to collect more money from Plaintiff than what she legally owes Defendant.

11. Defendant has contacted Plaintiff up to five (5) times per day.

12. Defendant sends Plaintiff emails and text messages threatening her with a lawsuit and other action. On information and belief, Defendant had no intention of imminently filing a lawsuit against Plaintiff.

13. Plaintiff demanded that Defendant stop contacting her by phone, email, and text message. Nonetheless, Defendant continues to contact Plaintiff daily by phone, and email.

14. Several of the emails sent by Defendant to Plaintiff are also transmitted by Defendant to third parties who receive private information about Plaintiff without her consent.

15. Defendant has also contacted Plaintiff after it was known that Plaintiff is represented by an attorney.

16. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

17. On information and belief, at all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

18. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B). The frequency of the calls and the language of the messages placed to the cellular telephone numbers of Plaintiff and the delays in Defendant responding to Plaintiff's answering her phone indicate the use of an "automatic telephone dialing system."

19. Plaintiff revoked consent for Defendant to call Plaintiff on her cellular telephone, to the extent consent ever existed, using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

20. Defendant is not a tax-exempt nonprofit organization.

## COUNT I: VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff reincorporates paragraphs 1 through 20 as if fully written herein.

22. § 1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692d, and § 1692d(5).

23. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

    a) Communicating, by telephone or in person, with Plaintiff and his references with such frequency as to be unreasonable and to

constitute a harassment to Plaintiff under the circumstances (Cal. Civ. Code §1788.11(c));

b) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff and his references (Cal. Civ. Code §1788.11(d));

c) Disclosing private information to a third party without consent (15 U.S.C. § 1692b(2));

d) Contacting Plaintiff after knowing Plaintiff is represented by an attorney (15 U.S.C. § 1692b(6));

e) Committed any conduct the natural consequence of which is to harass, oppress, or abuse any person (15 U.S.C. § 1692(d));

f) Caused the telephone to ring or engaged any person in telephone conversations repeatedly (15 U.S.C. § 1692d(5));

g) Misrepresenting the charter, amount or legal status of the alleged debt 15 U.S.C. § 1692e(2);

h) Threatening to take legal action that it does not intend to take (15 U.S.C. § 1692e(8));

i) Using an false or deceptive means in an attempt to collect a debt (15 U.S.C. § 1692e(10));

j) Attempting to collect an amount not legally owed (15 U.S.C. § 1692f(1)).

24. As a result of the above violations of the RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

25. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willingly.

## COUNT II: VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff reincorporates by reference all of the preceding paragraphs.

26. Defendant's violation of the TCPA was willful. Defendant's violation of the TCPA was willful because Defendant began contacting the cellular telephone numbers of Plaintiff despite repeated requests to cease and despite receipt of Plaintiff's attorneys' notice of representation.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

28. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

29. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

30. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

31. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Actual damages;

    B. Statutory damages;

C. Costs and reasonable attorney's fees; and

D. For such other and further relief as may be just and proper.

**<u>PLAINTIFF HEREBY REQUESTS A JURY TRIAL</u>**

Date: August 23, 2021                    LAW OFFICE OF PAUL MANKIN, APC

_____/s/ L. Paul Mankin_____

L. Paul Mankin, Esq.
Attorney for Plaintiff